[No. 8594.]

## SPONSEL V. SCHAEFFER.

WATER RIGHTS—*Adjudication of Priorities—Evidence.* One claiming as an appropriator under the statutory proceedings for the adjudication of priorities, must establish, with reasonable certainty, the continuous application of the volume which he claims, to some beneficial use.

The evidence examined and held entirely insufficient to show the continuous application of the volume claimed, to any beneficial use. (577-580.)

*Error to La Plata District Court.* Hon. WILLIAM N. SEARCY, Judge.

*Department.*

Messrs. MCCLOSKEY & MOODY, for plaintiff in error.

Messrs. RITTER & BUCHANAN, for defendant in error.

Opinion by Mr. Justice TELLER.

This case comes before us on exceptions to the findings and decree of the District Court in a statutory proceeding to adjudicate water rights, in which the Spring Creek Ditch, owned by defendant in error was given a priority of March 15, 1888, and the John Sponsel Ditch, owned by plaintiff in error, was given a priority of May 10, 1888. Three other ditches owned by Sponsel were given priorities of May 15, 1888. The ditches in question are the only ditches taking water from Spring Creek.

The only ground for reversal discussed in the briefs is that the findings and decree are not sustained by the evidence.

If defendant in error is correct in the assertion that the findings were made on a clear conflict of evidence, the judgment must be affirmed, and we have carefully considered the evidence to determine that question.

The only witness for defendant in error who testified from personal knowledge as to the time when the Spring

Creek Ditch and The John Sponsel Ditch were respectively constructed, was George Sponsel, a brother of John Sponsel, with whom the record indicates he was not on good terms. He testified that in the spring of 1888, one Schatz, to whom defendant in error traces title to his land and water right, built a ditch running north westerly from the north bank of the creek at a point on the Schatz land, and that he had seen water running in it, and used on the land owned by Schatz. He further stated:

"Well as far as I remember, this ditch of Joe Schatz was built right after the snow was off in the Spring, probably in March, and John Sponsel's in May," and that water was running in the Schatz ditch first. It was, he said, "a small ditch, a couple of furrows, not much work to make it." "Could not say how much land he irrigated from that, we raised 12 or 15 tons of hay on Schatz' land." Did not remember anything particular about the ditch after that. Could not say how much it was used. "Built the Schatz ditch first, because it was easy to build, and after we had the crop in we built John Sponsel's ditch, and irrigated from it."

Referring to Sponsel ditch No. 3, built by one Bishop who had filed on the land subsequently found to be a part of a school section, the witness testified that John Sponsel first irrigated out of said ditch in 1887, and he supposed the ditch was still there, and in use all the time. Knew nothing of the ditch on the south bank of the creek, the Spring Creek Ditch. Was not around there after two years.

The court, referring to the Schatz ditch which witness testified he helped to build in 1888, asked witness the following questions which were answered as here shown: Question. "And where would that ditch apply its water, that is where would it run to and scatter the water?" Answer. "On Joe Schatz' land." Question. "Was there any land in cultivation there where the water could be

applied?" Answer. "Yes Sir." Question. "Plowed up?" Answer. "Yes, sir." Question. "How much?" Answer. "Well, there was three patches of ground that was in cultivation; I should think it was probably 12 or 15 acres what was under plow, approximately." Question. "How large was that ditch?" Answer. "The ditch was small, plowed it out, had a good fall, and it didn't require no large ditch."

Schrader, a witness for Schaeffer, testified that he lived on the Schatz place from January 1904 until late in 1910, and that he irrigated there between 15 and 20 acres from Spring Creek.

Against this is the testimony of plaintiff in error, who testified that in 1888 he built the four ditches claimed by him, and irrigated in that year 10 to 12 acres from them; that he helped Schatz make ditch out of north side of the creek; that there was no water and the ditch was never used; that the ditch that Schatz used was made in 1891 or 1892; witness helped make it; that Schatz irrigated 8 or 9 acres in 1888, from a ditch abandoned two years later; that he irrigated in 1888 out of the Sponsel ditch, and No. 3 ditch, before Schatz irrigated any. Witness worked on Schatz' land for first three or four years, he and Schatz working together a good deal, Schaeffer's ditch covers 10 to 12 acres at most.

Mrs. John Sponsel testified that she had irrigated her husband's lands for 20 years, first irrigated from John Sponsel ditch in 1888, in the Spring pretty early, might be in May, that ditch was large, never has been enlarged. Schatz made a little ditch in 1888, plowed a furrow, but there was no water to fill it. It came out on the north side of the creek. He never used any water out of that ditch. He took out a ditch on the south side in 1889 or 1890. Schatz might have irrigated a little hay ground in 1888, might be 5 or 6 acres, just seepage water, no ditch to the hay land.

Plaintiff in error introduced in evidence the testimony given by Schatz in a former adjudication proceeding, in which he stated that he did not irrigate at all in 1888; but it appears from the context that he may have been referring to the use of water from another source; hence this is not conclusive.

George Geister testified that he had been familiar with the locality in which these ditches are, since 1890, that there was but one ditch in use on the Schatz land, and that it irrigated about 12 acres. Malugin, living in the neighborhood since 1888, testified that there was but one ditch on the Schaeffer land, and that it irrigated 12 to 15 acres. Philip Olbert, a witness for Schaeffer, testified that the Schatz ditch would not carry a foot of water when he first saw it; that it was enlarged ten or twelve years ago. George Sponsel, the only witness for defendant in error assuming to testify as to the use of water in 1888, stated, on cross examination, that he could not say how much land was irrigated from the Schatz ditch in 1888; and that he and Schatz were farming together, and raised about 12 or 15 acres of hay on Schatz' land.

As heretofore stated, in answer to the court's inquiry as to how much land was in cultivation where the water could be applied, he stated, not that a certain acreage was irrigated, but that approximately 12 or 15 acres were under plow. In *Ditch Co. v. Irrigation Co.*, 25 Colo. 530, 55 Pac. 720, it is said that decrees for the use of water "should be withheld in the absence of evidence showing *inter alia*, with reasonable certainty, the quantity continuously applied to some beneficial use. If the merits of the cause have not received proper consideration, or if the evidence is insufficient to sustain the decree, the appellant has the right to complain."

Tested by this rule the decree in this case cannot stand. It gives defendant in error a cubic foot of water as appro-

priated of a date when there is no evidence that the ditch would carry that quantity.

George Sponsel says it was only a small ditch "a couple of furrows," and Olbert, testifying for defendant in error, having lived in the neighborhood since 1891, said the ditch was twice as large at the time of the trial as it was when he first saw it; that at first it would not carry a foot of water. The decree is for water to irrigate 25 acres, but there is no testimony that Schatz in 1888, or for years thereafter, ever irrigated more than 15 acres, even if we treat the testimony as to land which could have been irrigated, as proving that it was irrigated. There is a total lack of evidence to show the quantity of water continuously applied to a beneficial use. On the part of plaintiff in error there is testimony to the effect that the John Sponsel ditch was of the same capacity when first made as it was at the time of the hearing, and that whenever there was water, it had been used to irrigate from 20 to 25 acres. The evidence as to the other Sponsel ditches is definite as to the use of water when there was any in the creek since 1888 when the ditches were first used.

The record suggests that defendant in error supposed that he could derive some benefit from evidence as to an appropriation made by Bishop prior to 1888, but as there was nothing to show a transfer of such right by Bishop to any one, no interest could be held to have passed.

It being evident that the evidence does not sustain the court's findings, the judgment is reversed.

*Judgment reversed.*

Chief Justice GABBERT and Mr. Justice HILL concur.